IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EMIL HOHMANN,** | : CIVIL ACTION NO. 1:15-CV-1240 |
| **Plaintiff** | : (Chief Judge Conner) |
| v. | : |
| **JASON EUGENE HOBBLE**, *et al.*, | : |
| **Defendants** | : |

# ORDER

AND NOW, this 31st day of July, 2015, upon consideration of *pro se* plaintiff's petition (Doc. 8) for writ of mandamus, wherein plaintiff asks the court to remand the above-captioned action to the "Court of Record" or the "Common Law Court of Record" from which it was removed on June 25, 2015, and it appearing that plaintiff styles his petition as a request pursuant to 28 U.S.C. § 1361, which permits courts "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," 28 U.S.C. § 1361, but that plaintiff does not request that the court order any officer or employee to act, and instead requests that the court itself take action to remand the matter to state court, and the court thus construing the instant petition as a motion to remand pursuant to 28 U.S.C. § 1447(c), see 28 U.S.C. § 1447(c); see also PAS v. Travelers Ins. Co., 7 F.3d 349, 350-52 (3d Cir. 1993) ("Cases may be remanded under § 1447(c) for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure"), and the court observing that plaintiff challenges neither the court's jurisdiction nor the removal procedure itself, and concluding that the indiscriminate collection of constitutional and statutory quotation in plaintiff's filing neither compels remand

pursuant to 28 U.S.C. § 1447(c) nor establishes an independent basis therefor, it is hereby ORDERED that plaintiff's petition (Doc. 8) for writ of mandamus is CONSTRUED as a motion for remand pursuant to 28 U.S.C. § 1447(c) and is DENIED as so construed.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania